Eric I. Abraham, Esq. (eabraham@hillwallack.com)
William P. Murtha, Esq. (wmurtha@hillwallack.com)
**HILL WALLACK LLP**
21 Roszel Road
Princeton, New Jersey 08540
Telephone: (609) 924-0808
Telecopier: (609) 452-1888
*Attorneys for Plaintiff*
BTL Industries, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BTL INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW AND USED LASERS, LLC, MICHAEL KNIGHT, and JOHN HABERLEN, <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff BTL Industries, Inc. (hereinafter "BTL") file this Complaint for trademark infringement, unfair competition, and patent infringement against New and Used Lasers, LLC (hereinafter "NUL"), MICHAEL KNIGHT, and JOHN HAEBERLEN (collectively hereinafter the "Defendants"), and alleges as follows:

## PARTIES

1. BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

2. Upon information and belief, NUL is a New Jersey limited liability company, with its business address at 2 Minisink Lane, Whitehouse Station, New Jersey.

3.    Upon information and belief, Michael Knight is the registered agent for NUL, with a registered mailing address 2 Minisink Lane, Whitehouse Station, NJ 08889.

4.    Upon information and belief, Michael Knight and John Haeberlen are the principals of NUL.

5.    Upon information and belief, Michael Knight is an individual and owner of the property located at 2 Minisink Lane, Whitehouse Station, NJ 08889.

6.    Upon information and belief, John Haeberlen is an individual residing at 4455 Honeysuckle Lane, Doylestown, Pennsylvania, 18902.

## JURISDICTION AND VENUE

7.    Subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and the Lanham Act, 15 U.S.C. § 1051, §1121 exist pursuant to 28 U.S.C. § 1331, §1332, and §1338(a)-(b).

8.    Subject matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §1331 and §1338.

9.    This Court has personal jurisdiction over NUL and its principals as NUL is a limited liability company formed under the laws of New Jersey and NUL has committed acts of patent infringement under 35 U.S.C. § 271(a), (b), or (c), and is subject to this Court's jurisdiction under 28 U.S.C. §1400(a).

10.   This Court has personal jurisdiction over defendant, John Haeberlen, as Mr. Haeberlen is a member the New Jersey entity, NUL, and has purposefully availed himself the privilege of conducting business within this State's jurisdiction.

11.   Further, the specific acts complained herein occurred within the State of New Jersey, and, upon information and belief, Mr. Haeberlen is the active agent behind the acts committed by NUL.

12.   This Court has personal jurisdiction over defendant, Michael Knight, as Mr. Knight is a member of the New Jersey entity, NUL, Mr. Knight is a property owner and resident of the State of New Jersey and has purposefully availed himself the privilege of conducting business within this State's jurisdiction.

13.   Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

(a)   Defendants have purposefully established "minimum contacts" with the State of New Jersey, and

(b)   the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

14.   Therefore, this Court has specific and general jurisdiction over Defendants.

15.   Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and §1400 because NUL is a business formed under the law of this District, NUL is a resident of this District and has a principal place of business in this District.

16.   Further, venue is proper in this District because defendants John Haeberlen and Michael Knight are principals of NUL, Mr. Knight is the active agent behind the actions of NUL, and all defendants are subject to personal jurisdiction in this District.

## BACKGROUND

17.   BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates developed proprietary technology that uses high-intensity electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its technology to develop a series of new and innovative FDA-cleared devices and developed protocols for using the technology for aesthetic

COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT

therapies. As described above, BTL denotes its products and services that feature this technology with its HIFEM brand and other trademarks.

18.     The first such device that BTL developed was the EMSCULPT device (shown below), a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See*, **Exhibit A**, attached hereto (BTL March 2019 Press Release).

19.     BTL's EMSCULPT device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT device in 2018, no other product used high-intensity, focused electromagnetic technology to tone and firm muscle for non-invasive aesthetic body contouring.

20.     The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm"; praising BTL as being the first to apply high-intensity, focused electromagnetic energy technology for aesthetics; and lauding the EMSCULPT device as having "transformed treatment protocols." *See*, **Exhibit B**, attached hereto (EMSCULPT device information).

21.     BTL's EMSCULPT NEO device is FDA-cleared and uses high-intensity electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO device is currently cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms, calves and thighs. BTL markets and distributes its EMSCULPT NEO device to healthcare professionals and licenses these professionals to provide treatment services using the device.

22.     The EMSCULPT NEO device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO device won Dermascope.com's Aesthetician's Choice Award in

2022 and Glamour magazine described the device as "revolutionary." *See*, **Exhibit C** attached

hereto (Glamour Magazine Article and Dermascope information)**.**

### A.   The Asserted Patent

23.     On November 19, 2019, the United States Patent and Trademark Office (USPTO)

duly and lawfully issued U.S. patent No. 10,478,634 (the "'634 patent"), entitled "Aesthetic

Method of Biological Structure Treatment by Magnetic Field." *See*, **Exhibit D** attached hereto

(U.S. no. No. 10,478,634 ). The '634 patent was exclusively licensed to BTL, and BTL possesses

the exclusive right of recovery for any past, present, or future infringement of the '634 patent,

including equitable relief and damages.

### B.   BTL's Trademarks

24.     BTL uses and licenses registered and unregistered trademarks and trade dress to

market its aesthetic equipment and treatments in the United States, including the following

federally registered marks, including trademarks for EMSCULPT and BTL (collectively the

"BTL Trademarks"):

(a)     Registration No. 5,572,801 for EMSCULPT in Class 10 for, among other

services, "medical apparatus and instruments for body toning and body shaping" and "medical

apparatus and instruments for the removal of fat;"

(b)     Registration No. 6,069,279 for EMSCULPT in Class 44 for, among other

services, "medical services," and

(c)     Registration No. 4,750,101 for BTL (figurative) in Class 10 for, among

other things, "medical devices for body toning and body shaping."

25.     BTL has continuously and exclusively used the BTL Trademarks and has never

abandoned them. The BTL Trademarks are validly registered in the United States and are in full

force and effect. True and correct status copies of the trademark registrations for each of the

trademarks were obtained from the Trademark Status Document Retrieval ("TSDR") database of the United States Patent and Trademark Office. *See*, **Exhibit E**, attached hereto (Trademark Status Document Retrieval). These registrations constitute prima facie evidence of validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

26.     The BTL Trademarks therefore perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## NATURE OF THIS ACTION

27.     This is a civil action brought by BTL arising out of NUL's past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; past trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. § 1114, §1125(a) and common law trademark infringement and unfair competition.

28.     The Defendants have illegally marketed and advertised for sale a device they have called "EMSCULPT" ("the Accused Device.") on NUL's website. Upon information and belief, these fraudulent activities have taken place at least since March of 2023. Further, the Defendants' activities are ongoing, despite BTL informing the Defendants on at least three occasions that the Accused Device the Defendants are advertising as "EMSCULPT" is not an authentic BTL EMSCULPT device. *See,* **Exhibit F** attached hereto (March 2023 letters to NUL).

29.     The images below are representative of the Defendants' infringing conduct:



COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT

30.     Upon information and belief, the Accused Device is being offered for sale for $64,900.00.

31.     The Defendants' use of EMSCULPT is without BTL's authorization.

32.     BTL has never authorized the Defendants to market EMSCULPT, nor any other BTL product.

33.     Upon information and belief, the Accused Device uses time-varying magnetic fields that are applied to a patient's skin and held there using a flexible belt attached to an applicator that includes a magnetic field generating coil.  Upon information and belief, the magnetic field generating coil generates a time-varying field magnetic field and the device applies a magnetic flux of 50 T cm$^2$ to 1,500 T cm$^2$ and causes muscle contraction.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

34.     BTL repeats and re-alleges paragraphs 1-33 as if fully set forth herein.

35.     The '634 patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. Claim 1 of the patent recites:

A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:

placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;

coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;

providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and

applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region,

wherein the time-varying magnetic field is applied to the body region with a magnetic

flux density sufficient to cause a muscle contraction in the body region.

36.     For the reasons stated in paragraphs 27-33, the Defendants' goods meet each and every limitation of at least claim 1 of the '634 patent.

37.     Defendants have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '634 patent by making, using, offering to sell, selling, or importing the Accused Device in the United States and by encouraging, promoting, and instructing customers to use the Accused Device in a manner that directly infringes the '634 patent.

38.     Defendants' infringement of the '634 patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the '634 patent since before the filing of this Complaint and have infringed the '634 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271. Defendants were aware of BTL's products for the reasons stated herein paragraphs 28-33, and BTL marked its products with a reference to its online patent listing at www.btlnet.com/patents. Moreover, BTL informed defendants of their patent infringement by letter on March 7, 2023.

## COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

39.     BTL repeats and re-alleges paragraphs 1-38 as if fully set forth herein.

40.     By using EMSCULPT, Defendants are creating confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of Accused Devices and services with BTL.

41.     Defendants' conduct relating to the BTL Trademarks is without authorization.

42.     Defendants are thus in violation of 15 U.S.C. § 1114 regarding the BTL Trademarks and 15 U.S.C. § 1125(a) regarding the use of EMSCULPT.

43.     Upon information and belief, defendant John Haeberlen is the active agent behind the actions of the other Defendants.

44.     The Defendants' actions have caused BTL irreparable harm for which BTL is entitled to a permanent injunction under 15 U.S.C. § 1116.

45.     Such acts further cause harm to BTL for which BTL is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

46.     Because Defendants' conduct is willful, malicious, and exceptional, BTL is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

47.     BTL repeats and re-alleges paragraphs 1-46 as if fully set forth herein.

48.     Defendants have no right to use the BTL Trademarks in connection with their goods and/or services, yet the Defendants have passed off their goods and/or services to the public as if they were BTL's goods.

49.     Defendants have falsely held themselves out to customers and potential customers as being connected with BTL.

50.     Defendants have acted with intent to confuse or deceive the public as to the source and origin of their goods and services.

51.     The public has in fact been confused or deceived by the source and origin of Defendants' goods and services.

52.     John Haeberlen is the active agent behind the conduct of the other Defendants.

53.     The Defendant's unlawful conduct constitutes unfair competition under 15 U.S.C. § 1125.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

54.     BTL repeats and re-alleges paragraphs 1-53 as if fully set forth herein.

55.     Defendants have without authorization, intentionally and willfully used the BTL Trademarks, confusingly similar variations of these trademarks, and research findings from the BTL Studies to promote, market, offer for sale, and sell their goods and services.

56.     Defendants' actions have caused and are likely to cause consumer confusion for reasons set forth in this Complaint.

57.     Defendants' actions have caused and will continue to cause BTL to sustain actual damages and lost profits in this District.

58.     BTL has no adequate remedy at law and will continue to suffer irreparable harm unless the Defendants are enjoined.

59.     Because of Defendants' unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and profits attributable to the unlawful conduct, which are presently indeterminate, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE BTL requests entry of judgment against the Defendants as follows:

A.      A judgment that the Defendants has infringed one or more claims of the U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(b)-(c);

B.      An award of damages for infringement of the '634 patent, with said damages to be trebled because of the intentional and willful nature of the Defendants' infringement, as provided by 35 U.S.C. § 284;

C.      A judgment that the Defendants have willfully infringed one or more claims of the '634 patent;

D.      A determination that this case is "exceptional" under 35 U.S. § 285 and an award

of BTL's reasonable attorneys' fees;

E.      An order permanently enjoining the Defendants, its officers, directors, employees, agents, and all persons acting in concert with them, from infringing the '634 patent;

F.      A judgment that the Defendant have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement:

G.      A judgment that Defendants' use of the EMSCULPT mark, as alleged in the Complaint, infringes BTL's EMSCULPT trademark;

H.      A judgment that Defendants' use of the BTL mark, as alleged in the Complaint, infringes BTL's BTL trademark;

I.      A judgment that defendant John Haeberlen's conduct in violating BTL's Trademarks was willful and malicious.

J.      A judgment that the Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

K.      An award of damages for the Defendants' infringement of the BTL trademarks, including the Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional and willful nature of the Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

L.      A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

M.      An award of damages against the Defendants as a result of its wrongful acts against BTL in an amount to be proved at trial;

N.      An award of any and all of the Defendant's profits arising from the foregoing acts;

O.      An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

P.      Permanent injunctive relief enjoining the Defendants from:

    i.      using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL trademarks;

    ii.     passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL trademarks;

    iii.    committing any acts calculated to cause consumers to believe that the Defendants' goods or services are those sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL; and

    iv.     further infringing BTL's Trademarks and damaging BTL's goodwill.

Q.      An award of BTL's costs and expenses in this action; and

R.      For such other relief as the Court may deem just and proper.


Dated: May 19, 2023                    Respectfully submitted,

                                        */s/ Eric I. Abraham*
                                        ERIC I. ABRAHAM, ESQ.
                                        HILL WALLACK LLP
                                        21 Roszel Road

COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT

Princeton, NJ 08540
*Attorney for Plaintiff*
BTL Industries, Inc.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc.

respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: May 19, 2023                    Respectfully submitted,

*/s/ Eric I. Abraham*
ERIC I. ABRAHAM, ESQ.
HILL WALLACK LLP
21 Roszel Road
Princeton, NJ 08540

*Attorney for Plaintiff*
BTL Industries, Inc.

## **LOCAL RULE 201.1 CERTIFICATION**

I hereby certify that the above captioned matter is not subject to compulsory arbitration in

that Plaintiff seeks, *inter alia*, injunctive relief.

Dated: May 19, 2023                    Respectfully submitted,

*/s/ Eric I. Abraham*
ERIC I. ABRAHAM, ESQ.
HILL WALLACK LLP
21 Roszel Road
Princeton, NJ 08540

*Attorney for Plaintiff*
BTL Industries, Inc.

COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action.

Dated: May 19, 2023                    Respectfully submitted,

                                       */s/ Eric I. Abraham*_____
                                       ERIC I. ABRAHAM, ESQ.
                                       HILL WALLACK LLP
                                       21 Roszel Road
                                       Princeton, NJ 08540

                                       *Attorney for Plaintiff*
                                       BTL Industries, Inc.

COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT